IN THE UNITES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER RAE GEORGE, | ) | |
| An Incapacitated Person, by | ) | |
| RAYMOND G. GEORGE and | ) | |
| SUSAN M. GEORGE, | ) | |
| Guardians, | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | No. CA 04 – 77 E |
| | ) | |
| CITY OF ERIE, | ) | |
| JOYCE SAVACCHIO, | ) | |
| PAUL DEDIONISIO, | ) | |
| RICHARD SZYCHOWSKI, | ) | |
| DAVID VAN BUSKIRK, | ) | |
| RICHARD CRAWFORD, | ) | |
| PATRICK DURKIN, | ) | |
| GREGORY T. DILORETO and | ) | |
| JOHN DOE, | ) | |
|     Defendants | ) | TRIAL BY JURY OF TWELVE (12) |
| | ) | JURORS DEMANDED |

## PLAINTIFFS' BRIEF IN OPPOSITION
## TO MOTIONS FOR SUMMARY JUDGMENT

The Plaintiffs, Jennifer Rae George, an incapacitated person, by Raymond G. George and

Susan M. George, Guardians, by and through their attorney, Alan Natalie, Esquire, file this Brief

in Opposition to the Motions for Summary Judgment filed by the Defendants pursuant to Federal

Rule of Civil Procedure 56.

I.    **FACTUAL HISTORY**

In their Responsive Concise Statement of Material Facts, the Plaintiffs accurately set forth the basic factual history of this matter. In their Motion to Dismiss, the Defendants argue the following points:

II.    **ARGUMENT**

A. **Given his propensities, known to him, for posing the traveling public to a risk of harm, the actions of Officer DiLoreto "shock the conscience" exposing him to liability under Section 1983.**

The Plaintiffs alleged that Officer DiLoreto violated Jennifer Rae George's substantive due process rights in the manner in which the officer responded as a "back-up" to a non-emergency "fight call." Officer DiLoreto operated his police cruiser at an excessive rates of speed, 63 m.p.h. in a 25 m.p.h. zone, without activating his emergency equipment, in violation of Pennsylvania's emergency vehicle requirements. Officer DiLoreto caused the motor vehicle collision, resulting in debilitating personal injuries to Ms. George. In support of this contention, the Plaintiffs alleged that Officer DiLoreto was aware of his own personal and professional misconduct, in particular, his own propensities for dangerous operation of police vehicles. [Defendants' Concise Statement, pars. 5 and 6; Plaintiffs' Responsive Concise Statement, pars. 2 – 5]. Further, Officer DiLoreto, as a then working law enforcement officer, was aware of the danger of serious injury similar behavior poses to the traveling public, as evidenced by his own citation of a citizen for *Recklessly Endangering Another Person*, 18 Pa.C.S.A. 2705. [Plaintiffs' Responsive Concise Statement, par. 25; Plaintiffs' Appendix Exhibit "J"]. Officer DiLoreto's conscious decision to operate his police cruiser in the manner he did on the night in question demonstrates conscience-shocking behavior. For example, in <u>Williams v. City and County of</u>

2

Denver, 99 F.3d 1009 (10th Cir. 1996), *vacated and remaned for further proceedings,* 153 F.3d 730 (10th Cir. 1998), the plaintiff's son was killed when a police vehicle operated by Officer Farr ran a red light and broadsided the decedent's vehicle. At the time of the collision, Officer Farr was responding to non-emergency request for assistance by another officer. Farr drove 60 m.p.h. in a 35 m.p.h. zone. The officer's vehicle had his overhead lights on, but no siren, in violation of Colorado's emergency vehicle requirements. By way of background, Officer Farr has a seriously poor driving record and exhibited behavioral and emotional problems. Given these considerations, the Circuit Court found that Officer Farr exhibited conscience-shocking behavior. Accordingly, summary judgment entered in the Officer's favor was reversed.

Likewise, and in consideration of the allegations in the instant case relating to Officer DiLoreto's vehicle operation, the Defendants' Motions for Summary Judgment on this Section 1983 action should be denied.

   **B. Even if it is assumed that Officer DiLoreto's conduct does not "shock the conscience" sufficiently to impose liability upon him individually, the City of Erie and its supervisory officials are liable to the Plaintiffs for depriving Ms. George's substantive due process rights by failing to train, discipline and/or supervise rank-and-file officers, including Officer DiLoreto, regarding safe motor vehicle operations, thereby creating a municipal practice, policy or custom of deliberate indifference to the safety of the traveling public.**

   In Monell v. New York City, Department of Social Services, 438 U.S. 658 (1978), the Supreme Court held that local government units may be liable under Section 1983 when the local government unit caused the constitutional violation at issue through a policy, practice or custom. Though there is no *respondeat superior* liability or vicarious liability under Section 1983 for the conduct of governmental officials, the municipality may be held liable under Section 1983 if the officials execute the government's policy or custom and inflict injury

thereby. A municipal policy or custom that inflicts a constitutional violation need not be an express statute or provision. In <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378 (1989), the Supreme Court held that a municipality may be liable for constitutional violations against individuals where the municipality, either through a failure to train its rank and file employees, or through supervisory employees, acts with "deliberate indifference" to the rights of persons with whom the municipality's employees come into contact, thereby establishing a "policy" under <u>Monell</u>.

The City of Erie, through its supervisory police officials, established a practice, policy or custom of deliberate indifference to the substantive due process rights of the traveling public with whom Erie police officers, including Officer DiLoreto, would come into contact. This municipal policy is exhibited by the officials' failure to train, supervise and discipline officers in the area of safe vehicle operation, and adherence to Pennsylvania's emergency vehicle doctrine and the Rules of the Road. This practice, policy or custom violates the City of Erie's own written policy and industry standard, failing in effecting the written policy's intended deterrent effect of behavior, such as that exhibited by Officer DiLoreto. In essence, the City failed to adequately and consistently respond to such behavior through its deficient supervisory review of accidents involving police officers. [Plaintiffs' Concise Statement at 27-29; Appendix Exhibit "K"]. Without consistent and sufficient supervisory review of such behavior, there is no, or an insufficient, means to determine whether further training or supervision would be required. [*Id.*] In particular, in Officer DiLoreto's case, even his own discipline and retraining, implemented nearly two years before the subject incident, failed to deter his continued misuse of police vehicles and dangerous vehicular habits. Given the officials' supervisory roles, their own failures are attributable to the City of Erie. <u>City of Canton</u>, <u>supra</u>.

5

Even if it is assumed, for purposes of argument, that Officer DiLoreto's conduct does not shock the conscience to establish a constitutional violation, the City and its supervisory officials may be liable for establishing municipal policy in how they train, supervise and discipline their officers in the performance of vehicle operational duties. The inadequacy of police training may serve as the basis for municipal liability under Section 1983 if the failure to train amounts to "deliberate indifference" to the rights of persons with whom the police come into contact, particularly in the so-called "high-speed police chase" cases and other vehicle operation cases generated in this Circuit. This basis for liability is specifically followed in Fagan v. City of Vineland, 22 F.3d 1283 (3d Cir. 1994) ("*Fagan I*") and Fagan v. City of Vineland, 22 F.3d 1296 (3d Cir. 1994 ) (en banc) ("*Fagan II*"), holding that a municipality can be liable for "failure to train its police officers with respect to high-speed automobile chases, even if no individual officer participating in the chase violated the Constitution." Fagan I, 22 F3d 1283 at 1294. *See, also,* Gillyard v. City of Philadelphia, (Memorandum Opinion), Eastern District of PA, 1998 U.S. Dist. LEXIS 20251, December 23, 1998 (Summary judgment denied where city's practice or policy of not curbing vehicle misuse and violation of Pennsylvania traffic laws, through proper training, procedures and discipline, amounts to deliberate indifference.); *and* Ploucher v. City of Philadelphia, (Memorandum Opinion), Eastern District of PA, 1995 U.S. Dist. LEXIS 10856, July 31, 1995 (Judgment on the pleadings denied where city's failure to properly hire, train and supervise police officers in police pursuit cases may amount to policy or custom of deliberate indifference.)

In the instant case, the City of Erie and its supervisory officials are alleged to have failed in their training, supervision and discipline of rank-and-file officers' vehicle operation propensities, including driving vehicles at unsafe speeds, violating the Rules of the Road and

failing to adhere to emergency vehicle requirements. Accordingly, under *Fagan*, the City and its supervisory officials may be liable for their municipal policy of deliberate indifference to the safety and substantive due process rights of the traveling public, including Jennifer Rae George.

### C. Officer DiLoreto and the individual supervisory Defendants are not protected by Qualified Immunity, as the substantive due process rights violated were clearly established by April, 2001.

A key issue in applying the qualified immunity defense to specific cases is determining whether the right the plaintiff claims was violated had been clearly established prior to the alleged constitutional violation alleged. <u>Anderson v. Creighton</u>, 483 U.S. 635, 647 (1987). The constitutional right to substantive due process was firmly and clearly articulated in <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998). Qualified immunity is not afforded if the violation is patently unconstitutional, even in the absence of precise factual precedent. <u>Hope v. Pelzer</u>, 122 S. Ct. 2508, 2516, 153 L. Ed. 2d 666 (U.S. 2002) ("[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances.") citing United States v. Lanier, 520 U.S. 259 (1997) (applying same "clearly established law' standard in criminal prosecutions of civil rights violations under 18 U.S.C.A. Sec. 242); <u>Stemler v. City of Florence</u>, 126 F.3d 856 (6th Cir. 1997) (Uncertainty regarding the "precise contours" of the right to substantive due process does not necessitate insulating state actors from liability, regardless of the facts presented).

In the present case, the standard of culpability for dangerous vehicular behavior, "shocks the conscience", was well defined. The Defendants argue that the particular behavior against which the right to substantive due process offers protection must be clearly defined before qualified immunity defense. Such precedent existed. <u>Williams v. City and County of</u>

Denver, *supra*; *Fagan I*, *supra*; *Fagan II*, *supra*; Gillyard v. City of Philadelphia, *supra*; Ploucher v. City of Philadelphia, *supra*. Even without factually identical precedent, Officer DiLoreto and his supervisors were on reasonable notice that extremely dangerous, i.e. conscious-shocking, vehicular operation in a non-emergency situation, under the circumstances presented, without effective deterrent supervisory involvement historically, could result in a substantive due process violation.

 

    D.  Officer DiLoreto, even when acting in violation of the Emergency Vehicle Doctrine, was acting under color of state law, therefore, his conduct constitutes state action.

 

    Officer DiLoreto argues that his failure to conform to Pennsylvania's emergency vehicle doctrine removes his conduct from the confines of "state action" for Section 1983 purposes. The decisions made and the actions committed by Officer DiLoreto on the day in question were made by him while "clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Acts performed by a police officer are acts under color of state law, even when his actions are alleged to be illegal or unauthorized. *See, generally,* Monroe v. Pape, 365 U.S. 167, 180 (1961). Even private individuals performing public functions could be considered state actors. Lugar v. Edmondson, 457 U.S. 922 (1982). Only purely personal misconduct, without the exercise of any state authority, can reasonably be considered absent of state action. Barna v. City of Perth Amboy, 42 F.3d 809 (3d Cir. 1994) (off-duty officers involved in physical altercation arising out of personal and family concerns). Officer DiLoreto who, in these circumstances, was uniformed and in a marked and specially

8

equipped police vehicle responding to a dispatched call, was clearly action under color of state law and effectuating state action.

 

**III.       CONCLUSION**

For the foregoing reasons, Defendants' Motions for Summary Judgment should be denied.

Respectfully submitted,

By_____

Alan Natalie, Esquire
Attorney for Plaintiffs
PA I.D. No. 55847
504 State Street, Suite 300
Erie, Pennsylvania 16501
(814) 455-7467

IN THE UNITES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER RAE GEORGE,<br>An Incapacitated Person, by<br>RAYMOND G. GEORGE and<br>SUSAN M. GEORGE,<br>Guardians,<br>    Plaintiffs<br><br>    v.<br><br><br>CITY OF ERIE,<br>JOYCE SAVACCHIO,<br>PAUL DEDIONISIO,<br>RICHARD SZYCHOWSKI,<br>DAVID VAN BUSKIRK,<br>RICHARD CRAWFORD,<br>PATRICK DURKIN,<br>GREGORY T. DILORETO and<br>JOHN DOE,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br>No. CA 04 – 77 E<br><br><br><br><br><br><br><br><br><br><br>TRIAL BY JURY OF TWELVE (12)<br>JURORS DEMANDED |

## CERTIFICATE OF SERVICE

      I hereby certify that I served true and correct copies of the foregoing Brief in Opposition to Motions for Summary Judgment, to the following listed below this 22nd day of July, 2005, by United States first class mail, postage prepaid:

Scott Dunlop, Esquire
Suite 2900, 600 Grant Street
Pittsburgh, PA  15219

David L. Haber, Esquire
602 Law and Finance Bldg.
429 Fourth Avenue
Pittsburgh, PA  15219-1503

Respectfully submitted,

By _____
      Alan Natalie, Esquire
      Attorney for Plaintiffs