IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER RAE GEORGE, an Incapacitated person, by RAYMOND G. GEORGE and SUSAN M. GEORGE, Guardians,<br>    Plaintiffs,<br> v.<br><br>CITY OF ERIE, JOYCE SAVACCHIO, PAUL DEDIONISIO, RICHARD SZYCHOWSKI, DAVID VAN BUSKIRK, RICHARD CRAWFORD, PATRIC DURKIN, GREGORY T. DILORETO and JOHN DOE,<br>    Defendants. | ) CIVIL DOCKET<br>)<br>) No. 04-CV-77 (Erie)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OFFICER GREGORY T. DILORETO'S RESPONSE TO
PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACTS**

AND NOW, comes the defendant, Officer Gregory T. DiLoreto, by and through his attorneys, Weinheimer, Schadel & Haber, P.C., files the following Response to Plaintiffs' Concise Statement of Material Facts:

None of the facts alleged by the plaintiffs are material to the alleged constitutional claim of substantive due process against Officer DiLoreto. No substantive due process claim exists against Officer DiLoreto based on the fact that he was allegedly speeding in a non-emergency situation. Further, many of the alleged factual statements by the plaintiff are mere opinion based on his expert report and not factual in nature as contemplated by the Rule.

  1.  No material facts are contained in paragraph 1 and therefore no response is required.

2. The documents cited by plaintiff speak for themselves. The documents do not reflect misuse of a motor vehicle for purposes of civilian harassment relative to this Complaint.

3. Exhibit "F" referenced by plaintiff does not deal with an incident that occurred on June 23, 1999 and therefore the defendant is unable to respond to the contentions raised therein.

4. The references to misconduct of Officer DiLoreto are denied. See Response of Officer DiLoreto attached at Exhibit "C".

5. The allegations of misconduct by Officer DiLoreto are denied. See Officer DiLoreto's Response contained at Exhibit "B".

6. Paragraph 6 mainly contains legal arguments and is not proper in a concise statement of material facts. Defendant DiLoreto denies that he has improper driving habits or practices. As to what names people call him clearly he cannot control or respond to the same. Furthermore, these are not material facts as to the claims aginst Officer DiLoreto.

7. The statements in paragraph 7 contain no material facts.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Specifically denied as stated. It is, however, admitted that Jennifer George was operating her vehicle in the southbound direction. See police report.

13. Specifically denied. Officer DiLoreto was in an emergency situation. He was responding to back up another officer is an emergency situation. See police report.

14. Admitted.

15. Specifically denied as stated. However, Officer DiLoreto was operating his police cruiser in a northbound direction on Parade Street. See police report.

16. Specifically denied. It is not the defendant's position that the vehicle being operated by Officer DiLoreto was not being operated in excess of the posted speed limit. However, the exact speed that Officer DiLoreto was operating his vehicle is disputed.

17. Admitted.

18. Specifically denied as stated. However, it is admitted that Officer DiLoreto did not activate his emergency equipment. See police report.

19. Specifically denied as stated. It is admitted, however, that at the time of the accident, Jennifer George was attempting a left-hand turn from Parade Street to East Fourteenth Street. See police report.

20. Specifically denied. It is the defendant's position that Jennifer George made a left-hand turn without yielding the right-of-way to Officer DiLoreto. Also, Jennifer George was operating her vehicle at the time of the accident with a blood alcohol content in excess of the allowed statutory limit.

21. Specifically denied. It is the defendant's position that Jennifer George made a left-hand turn without yielding the right-of-way to Officer DiLoreto. Also, Jennifer George was operating her vehicle at the time of the accident with a blood alcohol content in excess of the allowed statutory limit.

22. Specifically denied as stated. It is admitted that a collision occurred between the vehicles. See police report.

23. Specifically denied. The allegations contained in paragraph 23 are not material facts. It is the defendant's position that the negligence of the plaintiff in failing to yield the right-of-way

and in operating her motor vehicle with a blood alcohol level in excess of the statutory limit is comparative negligence. See Exhibit "G", pp. 20-21.

24. Admitted.

25. Specifically denied as stated. The documents referenced by plaintiff speak for themselves relative to the conduct of the individual for which criminal charges were filed.

26. Specifically denied. The allegations in paragraph 26 are not material facts relative to the claim asserted by plaintiff against Officer DiLoreto.

27. The factual allegations in paragraph 27 are only applicable to the City of Erie defendant and no response will be made.

28. The factual allegations in paragraph 28 are only applicable to the City of Erie defendant and no response will be made.

29. The factual allegations in paragraph 29 are only applicable to the City of Erie defendant and no response will be made.

Respectfully submitted:

WEINHEIMER, SCHADEL & HABER, P.C.

By_____
David L. Haber
Pa. I.D. No. 39574

602 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 765-3399

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the within OFFICER GREGORY T. DILORETO'S RESPONSE TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACTS has been served upon the following by First Class United States Mail, postage pre-paid, or hand delivery on August 3rd, 2005:

>Alan Natalie, Esquire
>504 State Street, Suite 300
>Erie, PA  16501
>*Counsel for Plaintiffs*
>
>Patrick M. Carey, Esquire
>Marshall, Dennehey, Warner, Coleman & Goggin
>1001 State Street, Suite 1400
>Erie, PA  16501
>*Counsel for Co-Defendants*

>WEINHEIMER, SCHADEL & HABER, P.C.
>
>By_____
>David L. Haber
>602 Law & Finance Building
>429 Fourth Avenue
>Pittsburgh, PA  15219