IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER RAE GEORGE, an incapacitated person, by RAYMOND G. GEORGE and SUSAN M. GEORGE, Guardians, | : : : : | Civil Action – Law<br><br>Case No: 04-77E |
| *Plaintiffs* | : : | JUDGE SEAN J. McLAUGHLIN |
| v. | : : | |
| CITY OF ERIE, JOYCE SAVACCHIO, PAUL DEDIONISIO, RICHARD SZYCHOWSKI, DAVID VAN BUSKIRK, RICHARD CRAWFORD, PATRICK DURKIN, GREGORY T. DILORETTO and JOHN DOE, | : : : : : : | |
| *Defendants* | : : | |

**REPLY BRIEF OF DEFENDANTS CITY OF ERIE AND, IN THEIR
OFFICIAL AND INDIVIDUAL CAPACITIES, JOYCE SAVACCHIO, PAUL
DEDIONISIO, RICHARD SZYCHOWSKI, DAVID VAN BUSKIRK,
RICHARD CRAWFORD, PATRICK DURKIN, AND JOHN DOE IN
RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON ALL FEDERAL CLAIMS**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS ...........................................1

ARGUMENT AND LAW .....................................................................................................1

   I.  THE FEDERAL OFFICIAL CAPACITY CLAIMS AGAINST THE SUPERVISOR
       DEFENDANTS ARE REDUNDANT OF THE FEDERAL CLAIM AGAINST
       DEFENDANT CITY OF ERIE. .........................................................................................1

   II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS'
       FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM. .....................2

III.  IN ADDITION OR IN THE ALTERNATIVE, SUMMARY JUDGMENT SHOULD BE
       GRANTED IN FAVOR OF DEFENDANTS JOYCE SAVACCHIO, PAUL
       DEDIONISIO, RICHARD SZYCHOWSKI, DAVID VAN BUSKIRK, RICHARD
       CRAWFORD, PATRICK DURKIN, AND JOHN DOE, IN THEIR INDIVIDUAL
       CAPACITIES, ON THE BASIS OF THE FEDERAL DOCTRINE OF QUALIFIED
       IMMUNITY ..................................................................................................................... 12

CONCLUSION ........................................................................................................................ 12

**REPLY BRIEF OF DEFENDANTS CITY OF ERIE AND, IN THEIR
OFFICIAL AND INDIVIDUAL CAPACITIES, JOYCE SAVACCHIO,
PAUL DEDIONISIO, RICHARD SZYCHOWSKI, DAVID VAN BUSKIRK,
RICHARD CRAWFORD, PATRICK DURKIN, AND JOHN DOE IN
RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON ALL FEDERAL CLAIMS**

**INTRODUCTION**

On June 20, 2005, Defendants City of Erie and, in their Official and Individual

Capacities, Joyce Savacchio, Paul Dedionisio, Richard Szychowski, David Van Buskirk, Richard

Crawford, and John Doe ("Defendants") filed their Motion for Summary Judgment on All

Federal Claims ("Defendants' Motion for Summary Judgment"), with supporting Brief, Concise

Statement of Material Facts, and Exhibits (Dk. Nos. 24, 25, 26, 27).  On July 22, 2005, Plaintiffs

filed their Brief in Opposition ("Brief in Opposition") and associated papers to Defendants'

Motion for Summary Judgment as well as to the separately filed Motion for Summary Judgment

of Defendant Gregory T. DiLoreto ("DiLoreto").  The within Reply Brief responds on behalf of

Defendants to Plaintiffs' Brief in Opposition.

**RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS**

The Response of Defendants City of Erie and, in their Official and Individual Capacities,

Joyce Savacchio, Paul Dedionisio, Richard Szychowski, David Van Buskirk, Richard Crawford,

and John Doe to Plaintiffs' Concise Statement of Material Facts is being contemporaneously filed

with the instant Reply Brief and is incorporated herein by reference as if fully rewritten.

**ARGUMENT AND LAW**

I.    **THE FEDERAL OFFICIAL CAPACITY CLAIMS AGAINST THE SUPERVISOR
DEFENDANTS ARE REDUNDANT OF THE FEDERAL CLAIM AGAINST
DEFENDANT CITY OF ERIE.**

Plaintiffs did not respond to the argument on pages 2-3 of Defendants' Brief in Support of

their Motion for Summary Judgment (Dk. No. 25) (hereinafter "Defendants' Summary Judgment

1

Brief") that the official capacity claims against the Supervisor Defendants should be dismissed as redundant of the claim against Defendant City of Erie. Accordingly, no further argument is needed on this question.

## II.    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM.

Pages 4-9 of Defendants' Summary Judgment Brief (Dk. No. 25) established, on the basis of County of Sacramento v. Lewis, 523 U.S. 833 (1998), and Davis v. Twp. of Hillside, 190 F.3d 167, 171 (3d Cir. 1999), as well as other decisional authorities, that Defendants cannot be liable for a Fourteenth Amendment substantive due process violation in this action, because Defendant DiLoreto did not intend to harm Plaintiff Jennifer Rae George. Plaintiffs themselves aver that Officer DiLoreto "was responding to a 'fight call'" at the time of the collision of the police cruiser he was driving with the vehicle driven by Plaintiff Jennifer Rae George. (Plaintiffs' Response to Defendants' Concise Statement of Material Facts (Dk. No. 31) at p. 6, ¶ 13). Even if Officer DiLoreto was only back-up for that call, a fight is an emergency situation which, for example, one or two officers first arriving at the scene may or may not be able to control by themselves. A fight involves a possibility of serious bodily harm to the participants or to innocent bystanders, and one or two officers without back-up might not be able to control the situation without using deadly force. A fight also has the possibility of escalating to the level of use of knives or guns. Accordingly, back-up officers are obviously required in such situations, and Officer DiLoreto's presence, for all he knew, was immediately needed. These facts cannot be distinguished, in any essential manner, from those of Lewis and Davis.

Whether or not Officer DiLoreto was speeding, whether or not he followed "law enforcement's own codes of sound practice," and whether or not he committed a state law tort are

irrelevant for substantive due process analysis. <u>Lewis</u>, 523 U.S. at 855. Reckless and/or imprudent conduct—even reckless disregard for life—is not sufficient to constitute a substantive due process violation. <u>Lewis</u>, 523 U.S. at 854; <u>Davis</u>, 190 F.3d at 171. Under the analysis of the Supreme Court in <u>Lewis</u> and the analysis of the Third Circuit Court of Appeals in <u>Davis</u>, Officer DiLoreto did **not intend to do harm to Plaintiff Jennifer Rae George** and therefore, as a matter of law, did **not violate the substantive component of the Fourteenth Amendment Due Process Clause**.

In response, Plaintiffs rely solely on <u>Williams v. City & County of Denver</u>, 99 F.3d 1009 (10th Cir. 1996). However, the en banc Tenth Circuit Court of Appeals vacated that opinion and remanded the case to the United States District Court for the District of Colorado. <u>Williams v. City & County of Denver</u>, 153 F.3d 730 (10th Cir. 1998) (en banc). The Federal Reporter does not provide the text of the June 26, 1998 remand opinion. However, that opinion is reported in full at 1998 U.S. App. LEXIS 13719 and 1998 Colo. J. C.A.R. 3629. The concluding paragraph of the en banc remand opinion is as follows:

> **On June 11, 1997, we entered an Order abating the appeal pending the Supreme Court's decision in <u>County of Sacramento v. Lewis</u>, No. 96-1337, *cert. granted,* 117 S. Ct. 2406 (1997). That decision was handed down on May 26, 1998. See <u>County of Sacramento v. Lewis</u>, 118 S. Ct. 1708, 140 L. Ed. 2d 1043, 1998 WL 259980 (U.S. 1998).** While the instant appeal was pending, the Supreme Court also addressed issues that may be of significance to this case in <u>Board of County Comm'rs v. Brown</u>, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). **In view of these recent authorities, the abatement is lifted, and the en banc court vacates the judgment of the district court and remands this case for further proceedings in light of the recent Supreme Court authority set out above.** The mandate shall issue forthwith.

<u>Williams v. City & County of Denver</u>, No. 94-1190, 1998 U.S. LEXIS 13719, at * 3-4 (10th Cir. June 26, 1998) (en banc) (emphasis added).

Thus, the decision on which Plaintiffs rely was specifically vacated and remanded as a result of the United States Supreme Court's decision in <u>Lewis</u>. *Shepard's Citations* does not indicate any further history for this case. It can only be concluded that the case was resolved on remand without any further appeal.

Although a diligent search has located no Third Circuit Court of Appeals case addressing the specific situation of a police officer responding as back-up to an emergency call, the Plaintiffs themselves have cited a United States District Court for the Eastern District of Pennsylvania case holding that back-up police responders involved in a traffic accident are not liable unless they fall within the <u>Lewis</u> criterion of intent to injure. <u>Gillyard v. Stylios</u>, No. 97-6555, 1998 U.S. Dist. LEXIS 20251, at *1-18 (E.D. Pa. Dec. 23, 1998).[1] Moreover, the Seventh and Eighth Circuit Courts of Appeals have also addressed that precise type of situation and have held, under such circumstances, that the <u>Lewis</u> "purpose to cause harm" standard applies. <u>Terrell v. Larson</u>, 396 F.3d 975 (8th Cir. 2005) (en banc); <u>Carter v. Simpson</u>, 328 F.3d 948, 949-50, 952 (7th Cir. 2003). The Seventh Circuit concluded:

> Finally, Carter [the woman with whose vehicle police officer Simpson collided while he was driving, as back-up officer, to a call of a reported death] contends that Simpson's conduct also deprived her of substantive due process. Conduct by a government official creates a cognizable substantive-due process claim when it "shocks the conscience." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846-47, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998); <u>Bublitz v. Cottey</u>, 327 F.3d 485, 2003 U.S. App. LEXIS 6730, No. 02-3400, 2003 WL 1826554, at *4 (7th Cir. April 9, 2003). In situations where actual deliberation is possible, conduct that is "deliberately

---

[1] In the other United States District Court for the Eastern District of Pennsylvania case upon which Plaintiffs rely (a police pursuit case), the District Court denied judgment on the pleadings. <u>Ploucher v. City of Philadelphia</u>, No. 94-7036, 1995 U.S. Dist. LEXIS 10856 (E.D. Pa. July 31, 1995). However, the Court later granted summary judgment both to the individual defendants and to the City of Philadelphia on the basis of the same reasoning set forth in the present Reply Brief. <u>Ploucher v. City of Philadelphia</u>, No. 94-7036, 1996 U.S. Dist. LEXIS 17354 (E.D. Pa. Nov. 22, 1996).

indifferent" may in certain circumstances "shock the conscience"; **in emergency situations (such as high-speed chases), however, conduct "shocks the conscience" only if there was intent to cause harm.** Lewis, 523 U.S. at 849; see also Bublitz, 2003 U.S. App. LEXIS 6730, 2003 WL 1826554, at *5; Schaefer v. Goch, 153 F.3d 793, 798 (7th Cir. 1998). **Although Simpson was not engaged in a high speed chase (as in Lewis), he was responding to an emergency call.  Because there was no evidence that he intended to cause any harm, the district court correctly granted summary judgment for Simpson on this claim.**

Carter, 328 F.3d at 952 (emphasis added).

The Seventh and Eighth Circuit decisions discussed above, along with the Eastern District of Pennsylvania decision in Gillyard involve exactly the type of back-up emergency call situation that is presented in the instant case.  Although the Third Circuit has sometimes discussed a mid-level standard in a different type of fact situation, particularly in cases involving the so-called "state-created danger" exception to the rule of governmental nonliability for nongovernmental acts, those cases do not involve the emergent circumstances of a police response to an emergency call.[2]  It is quite clear, on the basis of the rationale set forth by the

---

[2] The Third Circuit Court of Appeals has recently applied the Lewis "shocks the conscience" test to substantive due process allegations in land use cases, even though the governmental determinations in such cases involve considerable deliberation.  United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 399-402 (3d Cir. 2003) (overruling the "improper motive" test of Bellow v. Walker, 840 F.2d 1124 (3d Cir. 1988)).  The United Artists opinion observed that, under Lewis, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense."  316 F.3d at 399 (internal quotation marks and citation omitted).  In dissenting from an en banc denial of a petition for rehearing in United Artists, Circuit Judge Nygaard objected to the expansion of the "shocks the conscience" test to deliberative circumstances.  United Artists Theatre Circuit, Inc. v. Township of Warrington, 344 F.3d 133, 134-35 (3d Cir. 2003) (Nygaard, J., dissenting).  Thus, it is clear that both the Supreme Court and the Third Circuit Court of Appeals limit all substantive due process claims to a "shocks the conscience" standard.  The tortured analyses in the Third Circuit opinions attempting to construe the "state-created danger" exception to DeShaney v. Winnebago Co. Dep't of Social Serv., 489 U.S. 189 (1989) (see Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996), and its progeny) are inapposite, since the present case does not involve a DeShaney type of fact pattern (involving the question of governmental liability for the acts of a nongovernmental actor) and since none of these DeShaney cases involves the question of police substantive due process liability for a

Eastern District of Pennsylvania as well as the Seventh and Eighth Circuit Courts of Appeals, that a police back-up responder to an emergency call is subject to the same "intent to injure" test that the Supreme Court applied in <u>Lewis</u>.  Since it is undisputed that Officer DiLoreto did not intend to injure Plaintiff Jennifer Rae George, summary judgment should be granted to the Defendants in this case on the basis of <u>Lewis</u> as well as the Third Circuit decision in <u>Davis</u> and the Seventh and Eighth Circuit decisions discussed above.

With regard to the purported liability of Defendant City of Erie and its supervisors, Plaintiffs invoke a panel decision in <u>Fagan v. City of Vineland</u> 22 F.3d 1283 (3d Cir. 1994), which attempted to distinguish <u>City of Los Angeles v. Heller</u>, 475 U.S. 796 (1986), on the question of independent municipal liability for a police pursuit.[3]  The <u>Fagan</u> panel set forth the following rule for independent municipal liability in high-speed police pursuits:

> We hold that in a substantive due process case arising out of a police pursuit, an underlying constitutional tort can still exist even if no individual police officer violated the Constitution.  Unlike in <u>Heller</u>, the plaintiffs in this case brought separate, independent constitutional claims against the pursuing officers and the City.  These claims are based on different theories and require proof of different actions and mental states.  **The pursuing officers are liable under section 1983 if their conduct "shocks the**

traffic accident occurring during a response to an emergency call.  Moreover, most of those decisions are pre-<u>Lewis</u> and/or pre-<u>United Artists</u>.

[3] It should be observed that, contrary to Plaintiffs' statement on page 5 of their Brief in Opposition, the en banc decision in <u>Fagan</u> did **not** address the question of municipal liability. <u>Fagan v. City of Vineland</u>, 22 F.3d 1296 (3d Cir. 1994) (en banc).  The panel and en banc decisions were filed the same day, and the panel decision explained this peculiar procedural posture as follows:  "Initially, this panel filed an opinion on August 5, 1993 and reversed the grant of summary judgment in favor of the police officers.  Upon rehearing in banc the full court holds that the standard for liability under section 1983 and the Due Process Clause in a police pursuit case is whether the conduct of the defendant police officers 'shocks the conscience,' and will affirm the district court's grant of summary judgment in favor of the defendant police officers.  The in banc opinion is filed contemporaneously with this opinion . . . .  This panel opinion essentially reinstates the original panel opinion except the issue addressed by the in banc court." <u>Fagan</u>, 22 F.3d at 1287 n.1 (panel decision).  The author of the <u>Fagan</u> panel opinion was the author of the dissenting opinion in the en banc decision.

conscience." Fagan v. City of Vineland, 5 F.3d 647 (3d Cir. 1994) (in banc). **The City is liable under section 1983 if its policymakers, acting with deliberate indifference, implemented a policy of inadequate training and thereby caused the officers to conduct the pursuit in an unsafe manner and deprive the plaintiffs of life or liberty.**

Fagan, 22 F.3d at 1292 (emphasis added).

However, as the Third Circuit Court of Appeals later recognized, the last sentence of the foregoing quotation from the Fagan panel opinion is inconsistent with Collins v. City of Harker Heights, 503 U.S. 115 (1992). Collins, which was a unanimous Supreme Court decision, held, in pertinent part, that the "deliberate indifference" training standard in City of Canton v. Harris, 489 U.S. 378 (1989), cannot be employed in the absence of a prerequisite constitutional violation:

> **We did not suggest [in City of Canton v. Harris] that all harm-causing municipal policies are actionable under § 1983 or that all such policies are unconstitutional.** Moreover, we rejected the city's argument that only unconstitutional policies can create municipal liability under the statute. *Id.*, at 387. Instead, we concluded that **if a city employee violates another's constitutional rights,** the city may be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation. In particular, we held that the inadequate training of police officers could be characterized as the cause of the constitutional tort if—and only if—the failure to train amounted to "deliberate indifference" to the rights of persons with whom the police come into contact. *Id.*, at 388.

Collins, 503 U.S. at 123-24 (emphasis added).

Quoting Canton, the Supreme Court's unanimous Collins opinion held: **"The 'deliberate indifference' standard we adopt for § 1983 'failure to train' claims does not turn upon the degree of fault (if any) that a plaintiff must show to make out an underlying claim of a constitutional violation."** Collins, 503 U.S. at 124 n.7 (quoting Canton, 489 U.S. at 388 n.8) (emphasis added, some internal quotation marks omitted).

Collins assumed, for the purposes of that case, that the City of Harker Heights was deliberately indifferent in its training of municipal employees with regard to factual scenario of

that case.  503 U.S. at 124.  However, **"that assumption does not confront the question whether the complaint has alleged a constitutional violation."**  *Id.* (emphasis added).

The constitutional right at issue in Collins, like that the present case, was substantive due process.  The Supreme Court articulated the following general principles applicable to substantive due process claims:

> **As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.**  Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 225-226 (1985).  **The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.**  It is important, therefore, to focus on the allegations in the complaint to determine how petitioner describes the constitutional right at stake and what the city allegedly did to deprive her husband of that right.

Collins, 503 U.S. at 125 (emphasis added).

With reference to the factual scenario in Collins, the Supreme Court concluded that "[n]either the text nor the history of the Due Process Clause supports petitioner's claim that the governmental employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause."  *Id.* at 126.

Collins "emphasize[d] **the separate character** of the inquiry into the **question of municipal responsibility** and the **question whether a constitutional violation occurred**."  503 U.S. at 122 (emphasis added).  In recognition of the inconsistency between the Fagan panel decision and the Supreme Court's decision in Collins, the Third Circuit Court of Appeals later backed away from the Fagan approach and held that, where no municipal employee violated the Constitution, a substantive due process claim based solely on municipal training must still invoke the "shocks the conscience" test in order to establish a prerequisite constitutional violation.  Mark v. Borough of Hatfield, 51 F.3d 1137, 1153 n.13, 1155 (3d Cir. 1995) (concluding, in the last paragraph of the majority opinion, that "there was no underlying constitutional violation in

this case for which the defendants can be held responsible"); *see also* <u>Cannon v. City of Philadelphia</u>, 86 F. Supp.2d 460, 471-75 (E.D. Pa. 2000) (reviewing the inconsistent Third Circuit authorities in light of the Supreme Court's decisions in <u>Collins</u> and <u>Lewis</u> and concluding, in dictum, that "an expansive reading of <u>Lewis</u> may suggest that the municipality's policy, custom or failure to train, viewed contextually, must shock the conscience").[4]

Whether, however, the standard for municipal liability in the present case is "shocks the conscience" or "deliberate indifference", it is clear that Plaintiffs have not created a genuine issue of material fact on the issue.  Plaintiffs do not dispute that the Erie Police Bureau and its supervisors trained, disciplined, and remedially retrained Defendant DiLoreto with regard to his police cruiser driving:  Plaintiffs have, with minor exceptions, admitted the factual information that establishes these facts contained in paragraphs 3-8 (and exhibits referenced therein) of Defendants' Concise Statement of Material Facts (Dk. No. 27).  (See paragraphs 3-8 on page 1 of Plaintiffs' Response to Defendants' Concise Statement of Material Facts (Dk. No. 31)).  Instead, Plaintiffs rely on an expert report of Geoffrey P. Alpert ("Alpert"), contained in Exhibit "K" to Plaintiffs' Appendix, that is limited solely to a review of Erie Police Bureau crash reports.  It is clear from page 1 of that report (section 2 on materials that the expert reviewed) that Plaintiffs' expert did not review any materials specifically relating to the vehicular training, discipline, and remedial retraining of Defendant DiLoreto, even though all such documents were provided to Plaintiffs' counsel.  Moreover, the analysis in the Alpert Report is wholly speculative and is based on several unsupported and illogical assumptions, for example, that all crashes were the

---

[4] Other Third Circuit Court of Appeals decisions have limited the <u>Fagan</u> panel decision to its facts.  <u>Grazier v. City of Philadelphia</u>, 328 F.3d 120, 124 n.5 (3d Cir. 2003); <u>Brown v. Pennsylvania Dep't of Health Emergency Servs. Training Inst.</u>, 318 F.3d 473, 482-83 (3d Cir. 2003).

fault of City of Erie police officers and that all crashes involved emergency situations. The Alpert Report is inadmissible as being foundationless, speculative, and immaterial.

The United States District Court for the Western District of Pennsylvania has held that an expert affidavit could not defeat a motion for summary judgment, because "[the expert's] opinion lacks a sufficient basis in the relevant facts of this case . . . ." Pearson v. Component Technology Corp., 80 F. Supp.2d 510, 529 (W.D. Pa. 1999) The court observed that "[a] party cannot avoid the entry of summary judgment solely on the basis of an expert affidavit, when the affidavit lacks a sufficient basis in fact" and is "essentially conclusory". *Id.* (internal quotation marks and citation omitted). On appeal, the Third Circuit Court of Appeals held that "regardless of whether the District Court was correct in concluding that [the expert's] affidavit was lacking in a factual basis, his opinion was ultimately not germane . . . ." Pearson v. Component Technology Corp., 247 F.3d 471, 506 n.11 (3d Cir. 2001). Another federal court has similarly held:

> Expert opinion, however, is insufficient to create an issue of fact if it "is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable . . . ." Rebel Oil Co. v. Atlantic Richfield Co., 51 F.3d 1421, 1436 (9th Cir.) (quotation omitted), *cert. denied,* 516 U.S. 987, 133 L. Ed. 2d 424, 116 S. Ct. 515 (1995). **Therefore, "an admissible expert report may not be sufficient to preclude summary judgment where it offers nothing but naked conclusions."** Vollmert v. Wisconsin Dep't of Transp., 197 F.3d 293, 298 (7th Cir. 1999).

Harris v. Key Bank Nat'l Assn, 193 F. Supp.2d 707, 716 (W.D.N.Y.) (emphasis added), *aff'd on other grounds*, 51 Fed. Appx. 346, 2002 U.S. App. LEXIS 23200 (2d Cir. 2002).

For all of the foregoing reasons, the Alpert Report in the present case is inadmissible or, even if admissible, does not create a genuine issue of material fact in this case.

Plaintiffs also rely on certain gossip among nonsupervisory employees of the City of Erie Streets Department. Plaintiffs have provided no evidence that any policymaker or even police supervisor of the Erie Police Bureau or the City of Erie had any knowledge or information of the

alleged reputation of Officer DiLoreto. The deposition transcripts attached as Exhibits "E" and "F" to Plaintiffs' Appendix involve depositions of nonsupervisory employees of the City of Erie Streets Department. (Plaintiffs' Exhibit "E" at 4:13-16; Plaintiffs' Exhibit "F" at 4:20-23). This "evidence" is nonprobative of any material fact and is probably also inadmissible.

Finally, Plaintiffs argue that Defendant DiLoreto, in responding as back-up to the "fight call", was operating his police cruiser in excess of the speed limit "without activating his emergency equipment, in violation of Pennsylvania's emergency vehicle requirements." (Plaintiffs' Brief in Opposition at p. 2). However, "[a]n alleged violation of state law . . . does not state a claim under section 1983." Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992). Furthermore, whether or not Officer DiLoreto was speeding, whether or not he followed "law enforcement's own codes of sound practice," and whether or not he committed a state law tort are irrelevant for substantive due process analysis. Lewis, 523 U.S. at 855.

After substantial opportunity to conduct discovery, Plaintiffs have not provided any admissible, relevant, and material evidence to support their § 1983 claim. As established above, Plaintiffs' opposition to Defendants' Motion for Summary Judgment does not create a genuine issue of material fact in this case. Plaintiffs have failed to create a genuine issue of material fact regarding whether a constitutional violation has been committed and have additionally failed to create a genuine issue of material fact regarding any Defendant's liability for such constitutional violation. Summary judgment should therefore be entered in favor of Defendants on Plaintiffs' § 1983 claim.

**III.    IN ADDITION OR IN THE ALTERNATIVE, SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DEFENDANTS JOYCE SAVACCHIO, PAUL DEDIONISIO, RICHARD SZYCHOWSKI, DAVID VAN BUSKIRK, RICHARD CRAWFORD, PATRICK DURKIN, AND JOHN DOE, IN THEIR INDIVIDUAL CAPACITIES, ON THE BASIS OF THE FEDERAL DOCTRINE OF QUALIFIED IMMUNITY.**

Plaintiffs allege that the Supervisor Defendants are liable in their individual capacities under 42 U.S.C. § 1983.  As demonstrated above and in Defendants' Summary Judgment Brief (Dk. No. 25), no Defendant in this action, including but not limited to the Supervisor Defendants, has committed a constitutional violation and no Defendant is responsible for a constitutional violation.  In the alternative, no Supervisor Defendant has violated clearly established law, and the Plaintiffs have totally failed to show that any particular Supervisor Defendant has violated clearly established law.  As established above, the Tenth Circuit decision upon which Plaintiffs rely was vacated as a result of the Supreme Court's decision in <u>Lewis</u>, and the United States District Court for the Eastern District of Pennsylvania decisions cited by Plaintiffs actually support Defendants' position.  Moreover, the foregoing discussion of applicable case law, as applied to the uncontroverted facts, mandates summary judgment in favor of all Defendants in this case.  Accordingly, the Supervisor Defendants are entitled to the protection of qualified immunity, assuming *arguendo* (which Defendants deny) that they otherwise committed a constitutional violation.

<u>**CONCLUSION**</u>

As established above, summary judgment should be granted in favor of Defendant City of Erie and, in their Official and Individual Capacities, Joyce Savacchio, Paul Dedionisio, Richard Szychowski, David Van Buskirk, Richard Crawford, and John Doe on all federal claims in this litigation.  No genuine issue of material fact exists, and Defendants are entitled to judgment as a matter of law on Counts IV and V of the Complaint.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:    s/ Alan E. Johnson
       ALAN E. JOHNSON  PA89690
       ajohnson@mdwcg.com
       SCOTT G. DUNLOP  PA41638
       sdunlop@mdwcg.com
       U.S. Steel Tower, Suite 2900
       600 Grant Street
       Pittsburgh, PA 15219
       (412) 803-1140

       Patrick M. Carey  PA50171
       Renaissance Centre
       1001 State Street, Suite 1400
       Erie, Pennsylvania  16501
       (814) 461-7803

       Attorneys for Defendants City of Erie and,
       in their Official and Individual Capacities,
       Joyce Savacchio, Paul Dedionisio, Richard
       Szychowski, David Van Buskirk, Richard
       Crawford, and John Doe

\12_A\LIAB\AEJ\LLPG\377014\AEJ\03031\00149

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing Reply Brief of Defendants City of Erie and, in their Official and Individual Capacities, Joyce Savacchio, Paul Dedionisio, Richard Szychowski, David Van Buskirk, Richard Crawford, and John Doe in Response to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on All Federal Claims have been served upon counsel listed below via U.S. First Class Mail, postage prepaid, this 6th day of August, 2005.

| | |
|---|---|
| Alan Natalie, Esquire<br>Century Square<br>504 State Street, Suite 300<br>Erie, PA 16501<br><br>*Attorney for Plaintiffs* | David L. Haber, Esquire<br>WEINHEIMER, SCHADEL & HABER<br>602 Law & Finance Building<br>429 Fourth Avenue<br>Pittsburgh, PA  15219<br><br>*Attorney for Defendant Gregory T. DiLoreto* |

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:    s/ Alan E. Johnson
ALAN E. JOHNSON  PA89690

\12_A\LIAB\AEJ\LLPG\377014\AEJ\03031\00149