IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER RAE GEORGE, an incapacitated person, by RAYMOND G. GEORGE and SUSAN M. GEORGE, Guardians, | : : : : | Civil Action – Law<br><br>Case No: 04-77E |
| *Plaintiffs* | : : | JUDGE SEAN J. McLAUGHLIN |
| v. | : : | |
| CITY OF ERIE, JOYCE SAVACCHIO, PAUL DEDIONISIO, RICHARD SZYCHOWSKI, DAVID VAN BUSKIRK, RICHARD CRAWFORD, PATRICK DURKIN, GREGORY T. DILORETTO and JOHN DOE, | : : : : : : | |
| *Defendants* | : : | |

**RESPONSE OF DEFENDANTS CITY OF ERIE AND, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES, JOYCE SAVACCHIO, PAUL DEDIONISIO, RICHARD SZYCHOWSKI, DAVID VAN BUSKIRK, RICHARD CRAWFORD, PATRICK DURKIN, AND JOHN DOE TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACTS**

Defendants City of Erie and, in their Official and Individual Capacities, Joyce Savacchio, Paul Dedionisio, Richard Szychowski, David Van Buskirk, Richard Crawford, and John Doe (collectively, "Defendants"), by and through their undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, hereby file and serve the following Response to Plaintiffs' Concise Statement of Material Facts. The following responds to the additional numbered paragraphs beginning on page 3 of Plaintiffs' Response to Defendants' Concise Statement of Material Facts (Dk. No. 31).

  1. No material facts are contained in paragraph 1, and therefore no response is required.

  2. It is admitted that Exhibits "A" and "B" in Plaintiffs' Appendix are true copies of Erie Police Bureau documents. Insofar as they pertain to Officer DiLoreto's operation of a police

vehicle and insofar as their contents are admissible under the hearsay rule, they relate to the two June, 1999 incidents referenced in paragraph 5 of Defendants' Concise Statement of Material Facts (Dk. No. 27) and the exhibits referenced therein, as a result of which, as evidenced therein, Officer DiLoreto received remedial driver's training.  Insofar as Plaintiffs' paragraph 2 refers to matters other than Officer DiLoreto's operation of a motor vehicle, said paragraph 2 is immaterial as not being relevant to any issue in this action.  In addition, some of the statements in Plaintiffs' Exhibit "A" may be inadmissible hearsay, and none of the information contained in Plaintiffs' paragraph 2 and Plaintiffs' Exhibits "A" and "B" is ultimately material under controlling case law (see Defendants' summary judgment briefs filed herein).

     3.    See response, *supra*, to Plaintiffs' paragraph 2, which response is incorporated herein by reference as if fully rewritten.

     4.    The statements and referenced exhibit in Plaintiffs' paragraph 4, whether or not they true, are totally immaterial.  The present case does not involve any traffic stop incident and does not involve any incident of Officer DiLoreto's verbal interaction with any individual.  It is undisputed that Officer DiLoreto had no verbal or other interaction of any kind with Plaintiff Jennifer Rae George before the vehicle collision that is the subject of this lawsuit, and no evidence exists that Officer DiLoreto deliberately collided with the vehicle that Plaintiff Jennifer Rae George was driving.

     5.    The statements and referenced exhibit in Plaintiffs' paragraph 5, whether or not they are true, are totally immaterial.  The present case does not involve any traffic stop incident and does not involve any incident of Officer DiLoreto's verbal interaction with any individual.  It is undisputed that Officer DiLoreto had no verbal or other interaction of any kind with Plaintiff Jennifer Rae George before the vehicle collision that is the subject of this lawsuit, and no evidence

exists that Officer DiLoreto deliberately collided with the vehicle that Plaintiff Jennifer Rae George was driving.

6. Nothing contained in Plaintiffs' paragraph 6 and the exhibits referenced therein shows that any policymaker or even police supervisor of the Erie Police Bureau or the City of Erie had any knowledge or information of the alleged reputation of Officer DiLoreto. The deposition transcripts attached as Exhibits "E" and "F" to Plaintiffs' Appendix involve depositions of nonsupervisory employees of the City of Erie Streets Department. (Plaintiffs' Exhibit "E" at 4:13-16; Plaintiffs' Exhibit "F" at 4:20-23). After substantial opportunity to conduct discovery, Plaintiffs have not provided any admissible, relevant, or material evidence to support their claims.

7. Defendants admit the authenticity of the documents referenced in Plaintiffs' paragraph 7, but said paragraph otherwise does not set forth any specific facts to which a response is possible or appropriate.

8. The factual statements in Plaintiffs' paragraph 8 are admitted.

9. The factual statements in Plaintiffs' paragraph 9 are admitted.

10. The factual statements in Plaintiffs' paragraph 10 are admitted.

11. The factual statements in Plaintiffs' paragraph 11 are admitted.

12. For summary judgment purposes only, the factual statements in Plaintiffs' paragraph 12 are admitted to the extent (and only to the extent) that they are consistent with and supported by the documents referenced in Plaintiffs' paragraph 7.

13. The first two sentences of Plaintiffs' paragraph 13 are admitted (with the location of the "fight call" admitted for summary judgment purposes). The remainder of Plaintiffs' paragraph 13 is denied as being totally unsupported by and inconsistent with the evidence. Although Plaintiffs put the words "in no hurry" in quotation marks, no such statement could be found by undersigned

counsel in the documents contained in any of the appendices filed by the parties. Officer DiLoreto was responding, on an emergency basis, to back up another officer in a "fight call". Whether or not Officer DiLoreto complied with Pennsylvania law with regard to his operation of the police cruiser and its emergency equipment under these circumstances is irrelevant and immaterial to the federal constitutional question that is the subject of the pending motions for summary judgment.

14. Plaintiffs' paragraph 14 sets forth conclusions of law rather than material facts. Therefore, no response is necessary or appropriate, except it is admitted that at the time of the subject incident Officer DiLoreto was operating a City of Erie police cruiser while on duty as a police officer employed by the City of Erie. It is specifically denied that *respondeat superior* liability can exist with regard to any claim brought under 42 U.S.C. § 1983. The pending motions for summary judgment address only claims brought under 42 U.S.C. § 1983.

15. For summary judgment purposes only, the factual statements in Plaintiffs' paragraph 15 are admitted to the extent (and only to the extent) that they are consistent with and supported by the documents referenced in Plaintiffs' paragraph 7.

16. For summary judgment purposes only, Defendants do not dispute the speed conclusion of Plaintiffs' accident reconstruction expert, James D. Madden, P.E. However, such calculation is immaterial to any dispositive issue that is the subject of the pending motions for summary judgment.

17. It is admitted that the applicable speed limit was 25 miles per hour. It is denied that such fact is material to any dispositive issue that is the subject of the pending motions for summary judgment.

18. For summary judgment purposes only, the factual statements in Plaintiffs' paragraph 18 are admitted to the extent (and only to the extent) that they are consistent with and supported by

4

the documents referenced in Plaintiffs' paragraph 7. However, it is denied that such facts are material to any dispositive issue that is the subject of the pending motions for summary judgment.

19. For summary judgment purposes only, the factual statements in Plaintiffs' paragraph 19 are admitted to the extent (and only to the extent) that they are consistent with and supported by the documents referenced in Plaintiffs' paragraph 7. However, it is denied that such alleged facts are "material" in the sense that they defeat the pending motions for summary judgment.

20. For summary judgment purposes only, the factual statements in Plaintiffs' paragraph 20 are admitted to the extent (and only to the extent) that they are consistent with and supported by the documents referenced in Plaintiffs' paragraph 7. However, it is denied that such alleged facts are "material" in the sense that they defeat the pending motions for summary judgment.

21. The statements in Plaintiffs' paragraph 21 are incomprehensible as stated. Accordingly, Defendants are unable to admit or deny them. It is denied that any such alleged facts are "material" in the sense that they defeat the pending motions for summary judgment.

22. For summary judgment purposes only, the factual statements in Plaintiffs' paragraph 22 are admitted to the extent (and only to the extent) that they are consistent with and supported by the documents referenced in Plaintiffs' paragraph 7. However, it is denied that such alleged facts are "material" in the sense that they defeat the pending motions for summary judgment. Defendants also object to the ambiguity of the word "struck". The evidence shows that the vehicles collided, and absolutely no evidence exists that Officer DiLoreto deliberately struck the vehicle driven by Plaintiff Jennifer Rae George.

23. Regardless of whether or not the conclusions of Plaintiffs' expert are properly supported by evidence, such conclusions do not create a material issue of fact for summary judgment purposes.

24. It is admitted, for summary judgment purposes, that Plaintiff Jennifer Rae George sustained serious and disabling injuries as a result of the incident that is the subject of this action. However, it is denied that such facts are "material" in the sense that they defeat the pending motions for summary judgment.

25. The documents referenced in Plaintiffs' paragraph 25 speak for themselves relative to the conduct of the individual for which criminal charges were filed. It is denied that such documents are in any way material or admissible with regard to the present action.

26. Undersigned counsel does not represent Defendant DiLoreto, and the Defendants filing the present paper have no knowledge or information regarding Defendant DiLoreto's state of mind. However, it is denied that such alleged facts are "material" in the sense that they defeat the pending motions for summary judgment.

27. The expert report attached to Plaintiffs' Appendix as Exhibit "K" ("Alpert Report") is wholly conclusory and totally ignores the specific historical facts of the training and discipline administered by the City of Erie to Officer DiLoreto with regard to operation of police cruisers. See Defendants' Concise Statement of Material Facts (Dk. No. 27) at paragraphs 3-8 and exhibits referenced therein. The report is based on several unsupported and illogical assumptions, for example, that all crashes were the fault of City of Erie police officers and that all crashes involved emergency situations. The Alpert Report is inadmissible as being foundationless and totally speculative. In addition, it is not material to the dispositive issues raised in Defendants' Motion for Summary Judgment. It is undisputed that the City of Erie properly trained, disciplined, and remedially retrained Defendant DiLoreto. Plaintiffs have, with minor exceptions, admitted the factual information contained in paragraphs 3-8 (and exhibits referenced therein) of Defendants' Concise Statement of Material Facts (Dk. No. 27). (See paragraphs 3-8 on page 1 of Plaintiffs'

Response to Defendants' Concise Statement of Material Facts (Dk. No. 31)). It is clear from the Alpert Report that Plaintiffs did not share that information, insofar as it specifically involved Officer DiLoreto, with their expert.

28. See paragraph 27, *supra*, which is incorporated herein by reference as if fully rewritten.

29. See paragraph 27, *supra*, which is incorporated herein by reference as if fully rewritten.

          Respectfully submitted,

          **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:   s/ Alan E. Johnson
      ALAN E. JOHNSON  PA89690
      ajohnson@mdwcg.com
      SCOTT G. DUNLOP  PA41638
      sdunlop@mdwcg.com
      U.S. Steel Tower, Suite 2900
      600 Grant Street
      Pittsburgh, PA 15219
      (412) 803-1140

      Patrick M. Carey  PA50171
      Renaissance Centre
      1001 State Street, Suite 1400
      Erie, Pennsylvania  16501
      (814) 461-7803

      Attorneys for Defendants City of Erie and, in their Official and Individual Capacities, Joyce Savacchio, Paul Dedionisio, Richard Szychowski, David Van Buskirk, Richard Crawford, and John Doe

\12_A\LIAB\AEJ\LLPG\376989\AEJ\03031\00149

## CERTIFICATE OF SERVICE

      I hereby certify that true and correct copies of the foregoing Response of Defendants City of Erie and, in their Official and Individual Capacities, Joyce Savacchio, Paul Dedionisio, Richard Szychowski, David Van Buskirk, Richard Crawford, and John Doe to Plaintiffs' Concise Statement of Material Facts have been served upon counsel listed below via U.S. First Class Mail, postage prepaid, this 6th day of August, 2005.

| Alan Natalie, Esquire<br>Century Square<br>504 State Street, Suite 300<br>Erie, PA 16501<br><br>*Attorney for Plaintiffs* | David L. Haber, Esquire<br>WEINHEIMER, SCHADEL & HABER<br>602 Law & Finance Building<br>429 Fourth Avenue<br>Pittsburgh, PA 15219<br><br>*Attorney for Defendant Gregory T. DiLoreto* |
|---|---|

                                        **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:   s/ Alan E. Johnson
        ALAN E. JOHNSON  PA89690

\12_A\LIAB\AEJ\LLPG\370836\AEJ\03031\00149